Dorothy Free sued Alan B. Lasseter and Church, Seay Minor, P.C., an Alabama professional corporation with whom Lasseter practiced law, to recover money damages on claims alleging fraudulent misrepresentation, fraudulent suppression, conversion, negligence, and wantonness, as a result of Lasseter's legal representation of Free in a workers' compensation action. The action also sought a judgment declaring that the defendants' fee exceeded the statutory maximum of 15% allowed in a workers' compensation case by $38,087.79, which amount, Free argues, rightly belongs to her. The defendants filed a motion to dismiss, which the trial court granted. Free appealed to the Court of Civil Appeals, which affirmed the trial court's order of dismissal, without opinion. Free v. Lasseter (No. 2021019, April 30, 2004), ___ So.2d ___ (Ala.Civ.App. 2004) (table). Free petitioned this Court for a writ of certiorari. We granted the petition, and now we reverse and remand.
Free alleged the following facts in her complaint:
 "Sometime in late 1997, Plaintiff Dorothy Free (hereinafter `Dorothy') entered into an agreement whereby Defendants would represent her as her attorneys in a worker's compensation action against her employer who was protected by worker's compensation insurance (hereinafter the `insurance company').
 "Dorothy hired Defendants to represent her because she alleged that she was permanently disabled as a result of being diagnosed with severe cases of carpal tunnel syndrome in both her left and right wrists in conjunction with the fact that she had been previously forced to have both of her legs amputated and was blinded in one eye due to being infected with Rocky Mountain Spotted Fever as a seven (7) year old child.
 "Thereafter, on or about June 20, 2001, the Circuit Court of Blount County returned a verdict in Dorothy's favor against insurance company awarding her $448,918.58 but Defendants did not advise Dorothy of the Court's judgment at that time.
 "On or about November 29, 2001, the insurance company appealed, thus requiring Defendants to prepare a brief in response to said appeal.
 "With approximately three weeks remaining before Dorothy's brief would be due to the appellate court, instead of preparing a brief opposing the insurance company's appeal, Defendants, still without informing Dorothy of the Trial Court's judgment amount in her favor, the amount of judgement interest being earned, or the existence of the appeal and her [likelihood] of success on appeal, entered into settlement negotiations with N. DeWayne Pope, Esq., of the law firm Baulk [sic] Bingham, L.L.P., attorney for the insurance company.
 "During the course of those negotiations Defendants failed to consult with Dorothy regarding her June 20, 2001, judgement amount, the post-judgement interest being earned, the existence of the appeal and her chances of success on appeal and instead spent a great deal of time and effort attempting to establish the illegal idea that if a settlement were reached the Defendants' 15% attorney's fee percentage as established by Ala. Code 1975, § 25-5-90 would not be *Page 755 
based on the settlement, but rather on the higher trial court award.
 "Although Attorney Pope expressed his concern regarding Defendants planned fee, Defendants, still withholding the Trial Court's judgement from Dorothy, presented her with the settlement offer resulting from the foregoing negotiations providing that Dorothy would receive $195,000.00 with all medicals to remain open and Defendants would receive a $67,337.79 fee amounting to 34.5% of the settlement.
 "Thereafter, without advising Dorothy of the Trial Court's award, the 12% interest that she was earning on that judgment, the likelihood of success on appeal or the illegality of Defendants' fee, Defendant Lasseter specifically advised Dorothy that she should accept the settlement.
 "Based on Defendant Lasseter's representations and on Defendant's failure to advise her of all material facts, Dorothy agreed to accept the settlement.
 "On or about February 27, 2002, Dorothy appeared at the Circuit Court of Blount County to have the settlement approved by the Court.
 "Immediately preceding that hearing, Defendant Lasseter presented Dorothy with merely 4 signature pages, simply advising her to sign them because `the Judge is in a hurry and there isn't enough time for me to read them to you.'
 "Dorothy signed the documents and thereafter a copy of said documents [was] presented to the Court at the time the hearing was called.
 "Pursuant to Defendant Lasseter's representations and Defendant's failure to advise her of all material facts, Dorothy expressed her agreement to the terms of the settlement to the Court.
 "Without consideration of the attorney's fee issue, due to Defendant Lasseter's failure to make the Court aware of such, seeing no objection, the Court approved the settlement.
 "On or about March 6, 2002, after picking up her check at Defendants' offices, Dorothy began to consider the exact amount of the attorney's fees charged her by Defendants and became concerned over Defendants' actions in representing her. At this point, Dorothy was advised of and presented with a copy of, for the first time, the amount of the Trial Court's judgement.
 "Thereafter, Dorothy began to make inquiries to other attorneys as to the legality of Defendants actions.
 "As a result of these inquiries, Dorothy learned that she had been grossly overcharged by Defendants for their services and that several other issues could exist for her to pursue regarding the alleged illegal and alleged unethical conduct of Defendants."
Defendants moved to dismiss Free's claims and her declaratory-judgment action because, they asserted, 1) the complaint failed to state a cause of action; 2) the defendants are legal-service providers pursuant to the Alabama Legal Service Liability Act and only one form and cause of action can be brought against them pursuant to Ala. Code 1975, § 6-5-572 and §6-5-573; 3) the attorney fees were approved by the court and 4) are not in violation of Alabama law; 5) Free did not contest the settlement agreement and/or the attorney-fee award, although she was given an opportunity to do so; and 6) Free is attempting to collaterally attack a prior order of the court through an independent action.
Free moved to strike the fifth and sixth grounds of the motion to dismiss. The trial court did not rule on the motion to *Page 756 
strike before granting the motion to dismiss.
Free's complaint states several causes of action. Rule 2, Ala. R. Civ. P., provides: "There shall be one form of action to be known as `civil action.'" Rule 8(a), Ala. R. Civ. P., provides:
 "A pleading which sets forth a claim for relief, whether an original claim . . ., shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief . . . of several different types may be demanded."
Free's complaint complies with the Legal Service Liability Act, Ala. Code 1975, § 6-5-572(1) and § 6-5-573; and with Rule 8(a) and (e)(1), Ala. R. Civ. P. In presenting her case, it will be necessary for Free to prove that the defendants breached the applicable standard of care (Ala. Code 1975, § 6-5-580(1)) as it relates to each cause of action. However, it is not necessary to allege a breach of the applicable standard of care to survive a motion to dismiss. Rule 8(e)(1), Ala. R. Civ. P. Even so, in her complaint, Free alleges that attorney N. DeWayne Pope expressed his concern regarding the defendants' attorney fee after a settlement in the amount of $195,000 was reached. The defendants did not refute in the motion to dismiss or in the exhibits attached to the motion Free's allegation regarding Pope's concern.
The defendants' assertion that the court approved the attorney fees and that they are not illegal (grounds 3 and 4 of the motion to dismiss) is a denial of the allegations of the complaint that the attorney fees were excessive and is not a ground for dismissal. The trial court treated the defendants' motion as a motion to dismiss, not a motion for a summary judgment, because the case action summary shows the following entry: "6/19/03 — The Court finds the motion to dismiss is to be granted and costs are taxed as paid. Dan C. King."
The defendants' assertion in their motion to dismiss that Free did not contest the settlement agreement or the attorney-fee award is immaterial when the complaint alleges that relevant information relating to the settlement and attorney fees was misrepresented to and/or suppressed from Free and seeks damages as a result of that misrepresentation and suppression. This was not a ground for dismissal, and Free moved to strike that ground. The trial court erred in refusing to strike this as a ground for the motion to dismiss.
Free also moved to strike paragraph 6 of the motion to dismiss. The trial court did not rule on Free's motion to strike before it granted the defendants' motion to dismiss.
Rule 60(b), Ala. R. Civ. P., provides in pertinent part:
 "This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment . . . to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. . . . [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."
Black's Law Dictionary 686 (8th ed. 2004) defines "fraud on the court" as follows: "In a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or it intended to undermine the integrity of the proceeding."
The allegations of the complaint are such that this Court cannot say as a matter of law that the defendants' actions did not constitute fraud on the court. The *Page 757 
trial court erred in granting the defendants' motion to dismiss. Therefore, we reverse its order and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.