WOODALL, Justice.
 

 This is a legal-malpractice case, which has previously been before this Court. See
 
 Ex parte Free,
 
 910 So.2d 753 (Ala.2005). It is an appeal (case no. 1080310) by Dorothy Free and a cross-appeal (case no. 1080344) by Alan B. Lasseter and Church, Seay & Minor, P.C., an Alabama professional corporation with whom Lasseter practiced law (“the firm”), in an action by Free “to recover money damages on claims alleging fraudulent misrepresentation, fraudulent suppression, conversion, negligence, and wantonness, as a result of Lasseter’s legal representation of Free in a workers’ compensation action.” 910 So.2d at 754. In both the appeal and the cross-appeal, we reverse and remand with directions.
 

 I. Background
 

 The factual allegations of Free’s complaint against Lasseter and the firm were set out in full and verbatim in
 
 Ex paHe Free;
 
 we will not reproduce them here. The crux of Free’s complaint, which was filed on July 18, 2002, is, as stated in paragraph 28 of her complaint:
 

 “At all times material prior to [the] aforementioned settlement of [Free’s] worker’s compensation case, [Lasseter and the firm] fraudulently failed to disclose material information to [Free] including the following: the amount of the Trial Court’s judgment; the fact that [Lasseter and the firm] were engaging in settlement negotiations pending appeal of a $448,918.58 [judgment] without her knowledge; the fact that the settlement presented to her amounted to less than half the Trial Court’s judgment; that she was earning 12% interest on that judgment; that Defendants’ attorney’s fee charged was in violation of
 
 *87
 
 Ala. Code 1975, § 25-5-90; that she had a significant likelihood of success on appeal and that the settlement was not in her best interest.”
 

 Free’s negligence and wantonness counts alleged that, “[a]t all times material hereto, [Lasseter and the firm] owed [Free] a duty to represent her in a manner consistent with that of ethical, reasonable, and competent attorneys” and that they negligently and/or wantonly breached that duty. For breach of this duty, she sought “compensatory and punitive damages as a jury deems reasonable and may award, plus interest and costs.”
 

 A central issue in the case was — and is — whether Lasseter and the firm are entitled to retain an attorney fee based on 15% of the full $448,918.58 judgment in Free’s worker’s compensation case ($67,-337.79), or whether the fee should be reduced to 15% of $195,000 ($29,250), the amount Free was actually awarded as a result of a postjudgment settlement. Free more specifically addressed this issue in count six of her complaint, in which she sought a judgment declaring that Lasseter and the firm are not entitled to retain $38,087.79 (the difference between $67,337.79 and $29,250.00), which Free alleged exceeded the “statutory maximum of 15%.”
 

 The first opportunity for our review of this case was invoked by Free’s certiorari petition to review a judgment of the Court of Civil Appeals, which had affirmed a judgment dismissing Free’s complaint. 910 So.2d at 754. Lasseter and the firm had moved to dismiss Free’s complaint on grounds, among others, (1) that “the complaint failed to state a cause of action,” and (2) that “the defendants are legal-service providers pursuant to the Alabama Legal Service[s] Liability Act and only one form and cause of action can be brought against them pursuant to Ala.Code 1975, § 6-5-572 and § 6-5-573.” 910 So.2d at 755. The trial court had granted the motion to dismiss, and the Court of Civil Appeals had affirmed the judgment without an opinion. 910 So.2d at 754.
 

 We granted Free’s petition for certiorari review and reversed and remanded. In so doing, we agreed with Lasseter and the firm’s characterization of the complaint as one alleging legal malpractice. However, we held that “Free’s complaint
 
 complied
 
 ] with the Legal Service[s] Liability Act, Ala.Code 1975, § 6-5-572(1) and § 6-5-573,” and that, on remand, she would have “to prove that [Lasseter and the firm] breached the
 
 applicable standard of care
 
 ” as set forth in the Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 (“the LSLA”). 910 So.2d at 756 (emphasis added).
 

 Nevertheless, on remand, Lasseter and the firm filed a motion for a summary judgment, arguing not as they had argued previously — namely, that the action was controlled by the LSLA — but that Free’s action was, in reality, an action alleging common-law
 
 fraud.
 
 According to Lasseter and the firm,
 

 “Free was fully aware of all terms and conditions of the settlement she freely entered into at the settlement hearing before the trial court.... [A]ll information she alleges was suppressed from her, was made available to her, at the very latest, at the time of the settlement hearing in the documents she signed.”
 

 They then argued that Free’s action against them had no merit because, they contended, she could not demonstrate that, as a necessary
 
 element of fraud,
 
 she had
 
 reasonably relied
 
 on “Lasseter’s alleged misrepresentations in making her decision” to accept the offer of settlement with the attendant fee arrangement. Their motion concluded: “Taken in the light most favorable to Free, her allegations^ which]
 
 *88
 
 are apparently based upon fraud and/or suppression, [are] defeated by her unreasonable reliance which bars her from recovery on her claim(s).”
 
 [1]
 
 Having thus focused entirely on the fraud allegations of the complaint, Lasseter and the firm directed
 
 no argument
 
 to the allegations of professional negligence and offered
 
 no evidence
 
 as to the applicable standard of care or its alleged breach.
 

 The trial court granted the summary-judgment motion, accepting and adopting the argument and rationale of Lasseter and the firm regarding the nature of the case. More specifically, the court stated: “[The case] is ... based primarily on claims of fraudulent concealment against Lasseter. Contrary to Free’s allegation, she cannot contend that she reasonably relied on [Lasseter’s] alleged misrepresentations (or concealment) in making her decision” to accept the settlement and pay the attorney fee based on 15% of the original judgment. Nevertheless, the trial court awarded Free $58,312.79 ($38,087.79 plus interest at 6% per annum). The award was purportedly based on count six of the complaint. Free appealed, and Las-seter and the firm cross-appealed.
 

 II. Discussion
 

 A. Free’s Appeal
 

 Free contends that the trial court essentially ignored this Court’s previous holding that her complaint stated a cause of action under the LSLA, see 910 So.2d at 756, and, therefore, that the trial court erred in recasting her action as a fraud action. We agree. Indeed, the LSLA requires that Free’s
 
 common-law claims be recast,
 
 pursuant to Ala.Code 1975, § 6-5-573, as a “legal service liability action.”
 

 This is so, because there is now
 
 “only one
 
 ...
 
 cause of action
 
 against legal service providers in courts in the State of Alabama, and it [is] known as the legal service liability action and [has] the meaning as defined [in the LSLA].” § 6-5-573 (emphasis added). The legislative intent behind the LSLA is succinctly stated in Ala.Code 1975, § 6-5-570, in pertinent part:
 

 “It is the intent of the Legislature to establish a comprehensive system governing
 
 all legal actions against legal service providers.
 
 The Legislature finds that in order to protect the rights and welfare of all Alabama citizens and in order to provide for the fair, orderly and efficient administration of legal actions against legal service providers in the courts of this state, this article provides a complete and unified approach to legal actions against legal service providers and creates a new and
 
 single form of action and cause of action exclusively governing the liability of legal service providers
 
 known as a legal service liability action .... ”
 

 (Emphasis added.) Alabama Code 1975, § 6-5-572(1), defines this statutory action as:
 

 “Any action
 
 against a legal service provider in which it is alleged that
 
 some injury or damage
 
 was caused in whole or in part by the legal service provider’s violation of the
 
 standard of care
 
 applicable to a legal service provider. A legal service liability action embraces
 
 all claims
 
 for injuries or damage[ ] or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces
 
 any form of action
 
 in which a litigant
 
 *89
 
 may seek legal redress for a wrong oí-an injury and
 
 every legal theory of recovery,
 
 whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.”
 

 (Emphasis added.)
 

 Under these provisions, the
 
 sole
 
 cause of action against a legal-service provider by that provider’s former client is for a “breach of the standard of care,” which is defined as “[t]he failure by a legal service provider to comply with the applicable standard of care the breach of which proximately causes the injury or damage[] or wrongful death.” § 6-5-572(4). See
 
 Sessions v. Espy,
 
 854 So.2d 515, 522 (Ala.2002) (common-law tort claims contained in clients’ complaint against their former legal counsel, including (1) “breach of a legal duty,” (2) “misrepresentation,” (3) “suppression,” and (4) “negligence,” were precluded by the LSLA; the only claim properly asserted was one alleging breach of the duty defined by the LSLA). The “standard of care” is “that level of such reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have and exercise in a like case.” § 6-5-572(3)a.
 

 In other words, Free’s common-law claims should have been recast as a cause of action under the LSLA, not vice versa. In recasting Free’s legal-malpractice action as a fraud action, the trial court proceeded in a direction
 
 opposite
 
 to the one required. The relevant inquiry should not have been whether Free had produced substantial evidence of each element of a fraud claim; the inquiry, instead, should have been whether she could sufficiently demonstrate a breach of the standard of care for a legal-service provider as that standard is defined by § 6-5-572(3) through (4).
 

 This is equally true as to the declaratory-judgment aspect of count six of Free’s complaint. The LSLA “embraces” — and thus
 
 supersedes
 
 — every “form of action in which a litigant may seek legal redress for a wrong or an injury and
 
 every legal theory of recovery,
 
 whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.” § 6-5-572(1) (emphasis added). A claim for a declaratory judgment is clearly such a theory of recovery.
 

 Indeed, the question presented in count six of Free’s complaint — restated in terms of the LSLA — is whether, in taking a $67,337.79 attorney fee in a worker’s compensation case based on the judgment of $448,918.58 rather than on the post-judgment settlement award of $195,000, Lasseter’s conduct fell below “that level of such reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have .and exercise in a like case.” That question goes to the
 
 very core
 
 of Free’s request for compensatory damages in her LSLA claim. Otherwise stated, if Free succeeds on the merits of her legal-malpractice claim, the disputed fee will form the nucleus of her damages award. Thus, that question was not subject to judicial disposition apart from the overarching legal-malpractice claim.
 

 In that connection, Free says that, because Lasseter and the firm’s summary-judgment motion focused solely on the elements of fraud, Lasseter and the firm “utterly failed to make a
 
 prima facie
 
 showing” on the issue of breach of the standard of care for a legal-service provider. Free’s brief, at 30. According to Free, the burden thus
 
 never shifted to her
 
 to present any evidence on that issue. Consequently, Free contends, the trial court erred in
 
 *90
 
 entering the summary judgment for Las-seter and the firm. We agree.
 

 The following principles ai'e well settled:
 

 “ ‘The [summary-judgment] movant has the initial burden of making a prima facie showing that there is no genuine issue of material fact; if the movant makes that showing, the burden then shifts to the nonmovant to present substantial evidence of each element of the claim
 
 challenged by the movant.’ Harper v. Winston County,
 
 892 So.2d 346, 349 (Ala.2004) (emphasis added). However, if the movant does not satisfy his initial burden, ‘then he is not entitled to judgment.
 
 No defense to an insufficient showing is required’ Ray v. Midfield Park, Inc.,
 
 293 Ala. 609, 612, 308 So.2d 686, 688 (1975) (emphasis added). ‘A motion that does not comply with Rule 56(c)[, Ala. R. Civ. P.,] does not require a response in defense from the nonmovant.’
 
 Horn v. Fadal Machining Ctrs., LLC,
 
 972 So.2d 63, 70 (Ala.2007). Simply stated, ‘ “[a] summary judgment is not proper if the movant has not complied with the requirements of Rule 56.” ’ 972 So.2d at 70 (quoting
 
 Northwest Florida Truss, Inc. v. Baldwin County Comm’n,
 
 782 So.2d 274, 277 (Ala.2000)).
 

 [[Image here]]
 

 “... A summary-judgment movant does not discharge his initial burden to challenge the sufficiency of the evidence of a nonmovant’s claim by simply
 
 ignoring
 
 the claim.”
 

 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1054-55 (Ala.2008).
 

 In recasting this legal-malpractice action in the trial court as a fraud action, Lasseter and the firm presented no argument or evidence as to the dispositive issue of the standard of care under § 6-5-572(3)a. or the breach of that standard under § 6-5-572(4). Although Lasseter and the firm acknowledge on appeal that the relevant inquiry is whether they breached the applicable standard of care and, further, that expert testimony is required to establish that standard, they contend that such evidence was “not specifically germane” to the issues raised in their summary-judgment motion. Lasseter and the firm’s brief, at 16. Their contention is incorrect and clearly demonstrates the fundamental deficiency in their summary-judgment motion. It is clear that the burden never shifted to Free to present substantial evidence of her legal-malpractice claim. Because the motion did not comply with the requirements of Rule 56(c), Ala. R. Civ. P., summary judgment was not proper.
 

 B. The Cross-Appeal
 

 In their cross-appeal, Lasseter and the fmm challenge that aspect of the summary judgment awarding Free $53,312.79 on count six of her complaint. For the reasons explained in Part II.A. of this opinion, that aspect of the judgment was improper.
 

 III. Summary
 

 In conclusion, the trial court erred in entering a summary judgment in this case. The judgment is, therefore, reversed in its entirety, and the cause is remanded for a prompt disposition of Free’s legal-service-liability action on its merits.
 

 1080310 — REVERSED AND REMANDED WITH DIRECTIONS.
 

 1080344 — REVERSED AND REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . In ihe trial court, Lasseter and the firm also defended the receipt and retention of the disputed $38,087.79 portion of the fee in the underlying worker’s compensation case, arguing that it did not exceed the maximum authorized by § 25-5-90, Ala.Code 1975.