DONALDSON, Judge!.
In rare circumstances, a summary judgment may be entered in favor of a party who did not file a motion for a summary judgment.pursuant to Rule 56, Ala. R. Civ. P. See Adam v. Shelby County Commission, 415 So.2d 1066, 1068 (Ala.1982), This case does not present one of those circumstances. Kenneth S. Traywick. appeals a summary judgment entered by the Autauga Circuit Court (“the trial court”) in favor of Michael L. Kidd[1] and from the denial of. a motion for a summary judgment that was filed by Traywick. Because the evidence submitted by Traywick was insufficient to. meet all the required elements of his claims .against Kidd, we, affirm the trial court’s denial of Traywick’s motion for a summary judgment. The record does not reflect that Kidd ever filed a motion for a summary- judgment, and, as noted, this case does not present a circumstance permitting the entry of a summary judgment without a motion requesting one; therefore, we.reverse the summary judgment entered in Kidd’s favor.
This case is before us for the second time on appeal. Traywick filed a complaint in the trial court against Kidd, a *456 lawyer, alleging various claims' arising from Kidd’s representation of Traywick in a criminal case. All of -Traywick’s claims against Kidd are governed by the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 (“the ALSLA”). Kidd filed a motion to dismiss the complaint under Rule 12(b)(6), Ala. R. Civ. P,, on the sole ground that it did not state a cause of action upon which relief could be granted. Kidd’s primary argument , was that the complaint did not allege a breach of the applicable standard of care. 'The' trial court granted Kidd’s motion to dismiss. Tray-wick appealed, and we reversed the order dismissing the complaint because, we held, pursuant to “the principles set forth in” Ex parte Free, 910 So.2d 753, 756 (Ala.2005), and Free v. Lasseter, 31 So.3d 85 (Ala. 2009), Traywick was not required'to allege a breach of the applicable standard of care in order to state a. claim. Traywick v. Kidd, 142 So.3d 1189, 1195 (Ala.Civ.App. 2013).
After the case was remanded, the trial court entered an order setting a hearing for February 25, 2014, on a motion for a summary judgment. No motion for a summary judgment had been filed by either party at that timé. After the order setting the hearing was entered, Traywick filed a motion for a summary judgment. In the materials filed in support of His motion, Traywick alleged various acts or omissions by Kidd in the course of the legal representation that Kidd had rendered to Traywick at various times in 2007; 2008, and 2009. After Traywick’s motion for a summary judgment was filed, the trial court again set a hearing to be held on February 25, 2014, on Traywick’s motion for a summary judgment.
On February 7, 2014, Kidd filed an answer that, for the first time, pleaded the affirmative defense that the applicable statute of limitations, provided in § 6-5-574, Ala.Code 1975, barred Traywick’s action. That statute provides, in pertinent part: , .
“(a) All legal service liability-actions against a legal service provider must be commenced within two years after the act or omission, or failure giving rise to the claim, and not afterwards; provided, that if the causé of action is not. discovered and could not reasonably have been discovered within such period, then the action may be commenced within six .months from, the date, of such discovery or the date.of discovery of facts which would, reasonably lead to such discovery, whichever is earlier; provided, further-, that -in no event may the action be commenced more than four years after such act or omission or failure....
“(b) Subsection (a) of this section shall be subject to all existing provisions ■ of - law relating to the computation of statutory periods of limitations for the commencement of actions, namely, [among others,] Sections- 6-2-1, 6-2-2, 6-2-3, .; provided, that -notwithstanding any provisions of such sections,, no action shall be. commenced more than ■four years after the act, omission, or - failure complained of....-”
The State Judicial Information System contains an entry on February 9, 2014, indicating that a motion for a summary judgment was filed by Kidd. That filing, however, consists of a refiling of Tray-wick’s motion for a summary judgment. The record, before this court does not contain a motion for a summary judgment filed by Kidd.
On February 10, 2014, the trial court entered an order setting a hearing to be held, also on February 25, 2014, on the motion for a summary judgment purportedly filed by Kidd. On February 20, 2014, Traywick filed a memorandum with the trial court stating that he had received an *457 order setting a hearing for a motion for a summary judgment filed by Kidd but that he had not received any new motions from Kidd since the case had been remanded by this court.
A hearing was apparently held on February 25, 2014. On that same date, the trial court issued the following order entering a summary judgment in favor of Kidd and noting that the hearing had not been held on the record:
“This cause coming on before this Court upon the Motion for Summary Judgment as filed by the Plaintiff and Motion for Summary Judgment as filed by the Defendant, and the Plaintiff, Kenneth Shaun Traywick appearing, pro se, and the Defendant appearing pro se, and each presenting their argument at length, without record, and-upon a review of the pleadings herein, this Court finds as follows:
“1. That the Plaintiff, Kenneth Shaun Traywick filing his Motion for Summary Judgment, this Court finds there to be genuine issues of material fact, and further finds that Kenneth Shaun Traywick is not entitled to a Summary Judgment, the same is denied.
“2. That the Defendant, Michael L. Kidd, filing his Motion for Summary Judgment, this Court finds that there is no genuine issue of a material fact and that the Defendant, Michael Kidd is entitled to a Summary Judgment for the Defendant, on all counts and claims, the same is granted.
“This being a final Order as there is no just cause for delay.”
On March 5, 2014, Traywick filed a document stating that he had not been prepared to argue against the application of the statute of limitations to his claims at the February 25 hearing and that the trial court had entertained Kidd’s argument despite Kidd’s not having moved for a summary judgment. Traywick- reiterated that argument in a motion to alter, amend, or vacate the judgment filed on March 7, 2014. Traywick submitted a brief in support of his postjudgment motion, additionally arguing that his complaint had been timely filed within two years of his discovery of the allegedly actionable acts or omissions of Kidd, in accordance with § 6-2-3, Ala.Code 1975, which provides:
“In actions seeking relief on the ground of fraud where the statute has created, a bar, the claim must' not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.”
• On April 29, 2014, the trial court conducted a hearing on Traywick’s post-judgment motion. There is a transcript of this hearing in the record. Kidd argued that, pursuant to § 6-5-574(a), Traywick’s complaint was barred because it had been •filed more than six months after he allegedly discovered the acts or omissions that formed the basis of his complaint. Tray-wick repeated the argument that he apparently had made at the February 25 hearing, asserting that Kidd was not procedurally entitled to a summary judgment on the ground that ■ the complaint was barred by the statute of limitations:
“During the course of the February 25th hearing, this Court heard Kidd’s — heard Kidd argue one defense. Kidd argued that I failed to timely file a complaint within the limitations of Statute 6-5-574 subsection A of the Alabama Code. This Court should note that I advised that Kidd had not argued this issue in his motion to dismiss as an affirmative defense and had not filed any new pleadings with the Court or to me according to the Alabama Rules of Court. I also *458 advised this Court that I was not prepared for such an argument. ■ Therefore being that Kidd’s motion to dismiss did not include that defense of Statute 6-5-574 subsection A, he should not have been permitted to argue this .defense.”
Traywick also argued that, even if Kidd was permitted to raise the statute-of-limitations defense, his complaint was timely filed within two' years from the discovery of the alleged fraud, as permitted by § 6-2-3:
“For sake 'of argument, contrary to Kidd’s argument, my complaint was timely filed pursuant to Statute 6-5-574 stating that subsection A of this section shall be subject to all existing provisions of law relating to computation of statutory periods of limitations for the commencement of actions. Namely, Section 6-2-1 and 6-2-3 provided that notwithstanding any provision of such sections, no action shall be commenced more than four years after, the act, omission, or failure complained of.,.. I discovered on or about July 17th, 2011 that Kidd was in violation of the ALSLA after I filed my Rule 32 petition on July 17th, 2011. I filed my complaint twelve and a half months later on August the 1st, 2012. See the provisions of 6-2-3. This clearly states I had two years to file my complaint. Thus [the] six months limitation argued by Kidd at the last hearing must fail because it is not supported by the facts of this case nor governing law. See Jett, J-E-T-T versus Wooten, 110 So.3d 850.”
The trial court entered an order denying Traywick’s postjudgment motion. Tray-wick filed a timely notice of appeal to this court. We transferred the appeal to the supreme court because this court lacked jurisdiction. The supreme court transferred the appeal back to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Tray-wick contends on appeal that the summary judgment entered in favor of Kidd must be reversed and that his motion for a summary judgment should have been granted. Kidd did not file a brief on appeal.
Kidd’s motion to dismiss asserted only a failure of the complaint to state a claim upon which relief could be granted, an issue that was resolved against him in the first appeal. From the record before us, Kidd never filed a motion for a summary judgment and never presented his statute-of-limitations defense in any motion. We note that in Adam v. Shelby County Commission, 415 So.2d at 1068, the supreme court held:
“Even though it would be better practice for an opposing party to file' a cross motion, under"... Rule 56[, Ala. R. Civ. P.], we hold that in the absence of a timely and meritorious objection, there is no reason why, upon the motion of one of .the parties, the court cannot dispose of the whole matter by granting a judgment to the other party if it finds that there is not a scintilla of evidence supporting the moving party’s position, thus showing the non-moving party to be entitled to a judgment as a.matter of law.”
(Emphasis added.) Traywick repeatedly objected to "the procedural deficiency— namely, Kidd’s failure to file a summary-judgment motion asserting that Traywick’s claims were barred by the applicable statute of limitations — throughout the proceedings, pointing out that he had not been provided notice that the applicability of the statute of limitations to' his claims would be considered at the February 25 hearing and that he was not prepared to address the issue. Further, Traywick argued that he had filed his complaint less than two years after his alleged discovery of the acts or omissions that formed the basis of the complaint; making his complaint timely pursuant to the provisions of § 6-2-3. In *459 support of his position, Traywick referenced Jett v. Wooten, 110 So.3d 850, 857 (Ala.2012), in which the supreme court relied on this court’s holding in Rutledge v. Freeman, 914 So.2d 364, 370 (Ala.Civ.App. 2004), that “ ‘the savings provision of .§ 6-2-3 extends the statute of limitations for a period of two years after the discovery of the cause of action’” under the ALSLA. Kidd never claimed that there, were no genuine issues of material fact regarding the circumstances and dates relevant to when Traywiek discovered the cause of action. Traywiek raised a timely objection that the trial court had not followed the procedures set out in Rule 56, Ala. R. Civ. P., before considering Kidd’s statute-of-limitations argument, and Traywiek presented at least a potentially meritorious argument against that defense. -Therefore, a summary judgment could not be entered in favor of Kidd based, on the procedural posture of the case.
Traywiek also contends that his motion for a summary judgment should have been granted. Because the judgment entered by the trial court disposed of the case, the denial of his summary-judgment motion is reviewable on appeal:
“[An] appeal from a pretrial final judgment disposing of all claims in the case (as distinguished from a Rule 54(b)[, Ala. R. Civ. P.,] summary judgment disposing of fewer than all claims) entitles the [appellant], for purposes of our review, to raise issues based upon the trial court’s adverse rulings, including the denial of its summary-judgment motions. See Ala. R.App. P. 4(a)(1).”
Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth., 837 So.2d 253, 263 (Ala.2002).
Traywick’s complaint was sufficient to survive a motion to dismiss; however, to be entitled to a judgment in his favor, he has to prove
“ ‘(1) that, in the absence of the alleged malpractice, [he] would have been entitled to a more favorable result in the legal matter concerning which [Kidd] is alleged to have been negligent, and (2) that [Kidd’s] negligence in fact caused the outcome of the legal matter to be less favorable to [him] than the outcome would have been in the absence of the alleged malpractice.’ ”
Guyton v. Hunt, 61 So.3d 1085, 1090 (Ala. Civ.App.2010) (quoting Bonner v. Lyons, Pipes & Cook, P.C., 26 So.3d 1115, 1120 (Ala.2009), citing in turn Pickard v. Turner, 592 So.2d 1016, 1020 (Ala.1992), and Hall v. Thomas, 456 So.2d 67, 68 (Ala. 1984)). In his motion for a summary judgment, Traywiek did not present evidence pertaining to dispositive issues such as the applicable standard of care or whether the outcome of his criminal case would have been different in the absence of Kidd’s alleged actions.1 As a result, Traywiek faded to meet his burden as a movant for a summary judgment, and the denial of his motion for a stannary judgment is not reversible. ■
Accordingly, we affirm the denial of Traywick’s motion for a summary judgment, but we reverse the summary judgment entered in favor of Kidd.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. 1
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Kidd’s first name is spelled "Micheál” in the style of the case in the trial court. Kidd’s filings in the trial court and in this court make ’it clear that his first name is spelled "Michael,” and we adopt that spelling for this appeal.