RICHARD L. JONES, Retired Justice.
The plaintiff, Cedar Bend Association, Inc., appeals from the judgment of the trial court setting aside a judgment in favor of Cedar Bend and dismissing Cedar Bend’s action. We affirm in part and reverse in part.
The parties are in substantial agreement as to the facts relevant to the issues presented by this appeal. The “Declaration of Condominium” for the Cedar Bend Condominium (“Condominium”) was filed in the Probate Court of Mobile County on June 20, 1980. The Declaration described the Condominium as a 16-phase project resulting in, among other things, 67 condominium units of approximately equal size. The Declaration provided that the operation and maintenance expenses would be assessed on a “per unit” basis, with each unit paying an identical assessment fee.
When the Condominium was completed, the 67 units were of widely varying sizes. The smallest unit measured 920 square feet, while the largest units measured approximately 1,720 square feet. From March 1981 to the present, the assessments have been charged and paid based on the square footage of each owner’s unit.
On February 25, 1991, the Cedar Bend Condominium Association, Inc. (“Association”), filed an action seeking reformation of the Declaration, contending that the developer’s charging, and the owners’ paying, assessments based on the square footage reflected the original intention of the Declaration and was the most equitable basis for handling assessments and the payment of common expenses. The Association alleged that a “material change in circumstances”— the varying unit sizes, the resulting “inequity” in assessments based on a “per unit” method, and the hindrance to the Association in accomplishing .operational and maintenance duties due to owners’ threats of lawsuits unless assessments were made according to the strict guidelines of the Declaration — required the trial court to grant the Association the relief requested: reformation of the Declaration to allow assessment of common expenses based on square footage.
The Association amended its complaint on September 10, 1991, and all named defendants — the owners of the individual units— were served with a summons and a complaint. On May 22, 1992, the Association applied for an entry of default as to six owners who had not answered or acknowledged the service of the summons and the complaint.
On June 26, 1992, the Association moved for the entry of a judgment, stating that all necessary parties had either consented to the *508 entry of the judgment of reformation requested in the complaint or were in default. The trial court granted the Association’s motion on July 20, 1992, by entering a final judgment reforming the Declaration and requiring that the “reformed” Declaration be filed in the Mobile Probate Court.
On July 29, 1992, the defendant Mark G. Owens, one of the unit owners who had been in default, filed with the trial court a motion to set aside the judgment of July 20, 1992. Upon considering the motion, and without taking any additional testimony, the trial court set aside the judgment and set the case for trial on December 9,1992. On November 13, 1992, Owens filed a counterclaim; a motion for a summary judgment; a motion to dismiss; and an answer. The Association moved to strike the counterclaim. On the date set for trial, the court continued the case, “to be reset by Judge.” On January 5, 1993, after having granted the Association’s motion to strike Owens’s counterclaim, the trial court made the following entry on the ease action summary sheet: “Cause dismissed, by the court; costs taxed against the plaintiff.” The record contains no findings of fact or conclusions of law and no opinion or order stating the reasons for the dismissal. In essence, the trial court summarily granted Owens’s motion to dismiss for failure to state a claim on which relief could be granted.
Because the trial court, pursuant to Rule 55(c), A.R.Civ.P., has almost unbridled discretion to set aside a default judgment, when the motion to set aside is filed within 30 days of the entry of the judgment, and because the judgment was, in effect, a default judgment, at least as to some of the defendants, we affirm the ruling setting aside the July 20 default judgment and setting the case for trial. As to the summary dismissal of the case, however, we reverse and remand.
Owens’s primary argument in support of the dismissal is to the effect that the Association’s action for the equitable relief of reformation amounts to nothing more than an effort to amend the Declaration of Condominium, a process, Owens says, is governed solely by the terms of the Declaration itself. (The Declaration requires a 100% vote of the unit owners to amend.) We disagree.
Ala.Code 1975, § 35-8A-108, provides:
“The principles of law and equity, including the law of corporations, the law of real property and the law relative to capacity to contract, principal and agent, eminent domain, estoppel, fraud, misrepresentation, duress, coercion, mistake, receivership, substantial performance, or other validating or invalidating cause supplement the provisions of this chapter [Alabama Uniform Condominium Act], except to the extent inconsistent with this chapter.”
This Code section stands squarely for the proposition that Alabama’s condominium statute does not operate outside the legal and equitable principles pre-existing its enactment. The concluding phrase of § 35-8A-108—“except to the extent inconsistent with this chapter”—does not militate against the Association’s claim for reformation of the Declaration. Ala.Code 1975, § 8-1-2, authorizing judicial reformation of a contract, speaks in terms of making the contract express the true intentions of the parties, while the Declaration’s amendment process addresses the method by which the Declaration is changed to express a meaning different from that originally intended.
Additionally, the application of equitable principles would take into account the fact that, for over a decade following the inception of the Cedar Bend Association, the assessments for common expenses were based on a per-square-foot basis and not on an equal per unit basis as called for in the Declaration. While this “fact” does not conclusively establish the right to reformation, it does establish a long and continuous practice of assessments that drew not a single dissent from any unit owner, and the fact of that practice bears on the ultimate factual issue, i.e., the original intention of the parties. See Adams v. Adams, 346 So.2d 1146 (Ala.1977).
The order setting aside the judgment is affirmed, but the judgment dismissing the case is reversed, and the cause is remanded.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), *509 AIa.Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX and ALMON, JJ., concur in part and dissent in part.