On Application for Rehearing
 

 THOMAS, Judge.
 

 The opinion of March 27, 2009, is withdrawn, and the following is substituted therefor.
 

 In November 2000, James McConico, Jr., an inmate incarcerated in the Alabama prison system, sued Correctional Medical Services, Inc. (“CMS”), and others, alleging that certain defendant doctors had failed to properly diagnose his bleeding ulcers and alleging that CMS had negligently trained and supervised its employee doctors. According to the summons in the record, McConico had CMS served by certified mail delivered to 950 22d Street North, Suite 620, Birmingham, Alabama 35203. The return receipt from the certified mail indicates that the certified mail was signed for by G. Johnson on July 9, 2001.
 

 CMS never appeared in the action, and McConico sought an entry of default on August 13, 2001. Although a notation on McConico’s application for an entry of default indicates that the clerk intended to enter the default as requested, the default was not entered on the case-action-summary sheet and is not reflected on the State Judicial Information System (“SJIS”).
 
 See
 
 former Rule 58(c), Ala. R. Civ. P. (requiring that an order be “noted” on the civil docket or that an order on separate paper be “filed” to constitute entry of a judgment);
 
 see also
 
 Rule 58(c), Ala. R. Civ. P. (effective September 19, 2006) (prescribing the input of an order on the State Judicial Information System as the act of entry of a judgment or order). McConico later moved for the entry of a default judgment against CMS, which the trial court denied.
 

 In March 2008, McConico filed what he entitled a “Motion for a Hearing to Enforce Default Judgment and Clarification of Damages as Demanded in Civil Complaint in the Amount of $500,000 Dollars Against [CMS].” McConico mailed a copy of this motion to CMS at 12647 Olive Boulevard, St. Louis, Missouri 63141-6345. CMS responded to McConico’s motion by moving to vacate, purportedly pursuant to Rule 60(b)(4), Ala. R. Civ. P., the “default judgment” that McConico was attempting to enforce. CMS specifically argued that it had not been properly served in 2001 and that the “default judgment” McConico sought to enforce was void on that basis. In support of its motion, CMS attached a copy of the 2001 certified-mail receipt and the affidavit of Larry Linton, a regional vice president of CMS who was responsible for CMS’s operations in Alabama in 2001. In his affidavit, Linton stated that CMS’s corporate offices were located at 12647 Olive Boulevard, St. Louis, Missouri 63141; that CMS had been located at that address for 16 years; and that the address to which McConico had directed service of his complaint, 950 22d Street North, Suite 620, Birmingham, Alabama 35203, was not a valid business address for CMS in July 2001, when the complaint was served at that address.
 

 The trial court set a hearing on CMS’s purported Rule 60(b)(4) motion for May 6, 2008. On May 1, 2008, McConico filed a motion seeking a continuance of the May 6, 2008, hearing until discovery was complete and requesting the right to conduct discovery related to determining whether CMS
 
 *11
 
 had operated out of the Birmingham-area address during the relevant period. According to the SJIS, the trial court denied this motion on May 6, 2008. After the hearing, the trial court entered an order purporting to grant CMS’s purported Rule 60(b)(4) motion and purporting to set aside the “default judgment” that McConico was attempting to enforce. On May 13, 2008, at the request of CMS, the trial court entered a second order indicating that the “default judgment” had been vacated by the trial court and further dismissing the claims against CMS with prejudice. McConico filed a postjudgment motion on May 16, 2008, and, on May 21, 2008, he filed a motion to permit discovery during the pendency of the appeal, pursuant to Rule 27, Ala. R. Civ. P. The trial court entered an order denying McConico’s post-judgment motion and his motion for discovery pending appeal on June 3, 2008. McConico filed two notices of appeal to the Alabama Supreme Court, one on June 11, 2008, and one on July 22, 2008; that court transferred both appeals to this court, pursuant to Ala.Code 1975, § 12-2-7(6). We consolidated the appeals. Although the July 22, 2008, notice of appeal was docketed as a separate appeal, the SJIS reflects that the July 22, 2008, notice of appeal, which was docketed in this court as appeal number 2071001, was a corrected notice of appeal and was not intended to be a separate notice. We therefore dismiss the appeal in case number 2071001 and consider McConico’s arguments in appeal number 2080067.
 

 On appeal, McConico challenges the trial court’s determination that CMS was not properly served. He also argues that CMS’s purported Rule 60(b)(4) motion was untimely. Finally, he argues that the trial court erred by failing to grant his motion for discovery pending appeal. Because McConico’s argument relating to the denial of his motion seeking discovery pending appeal is properly reviewable by a petition for the writ of mandamus,
 
 see Vesta Fire Ins. Corp. v. Liberty Nat’l Life Ins. Co.,
 
 893 So.2d 395, 411 (Ala.Civ.App.2003), we elect to treat that portion of his appeal as a petition for the writ of mandamus.
 
 Vesta Fire Ins. Corp.,
 
 893 So.2d at 411.
 

 As noted above, no default judgment was ever entered against CMS. At best, McConico had secured an entry of default against CMS in August 2001 (and even that is doubtful because the case-action summary does not reflect such an entry). At all times relevant to these appeals, Rule 55, Ala. R. Civ. P., read:
 
 [1]
 

 “(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party’s default.
 

 “(b) Judgment. Judgment by default may be entered as follows:
 

 “(1)
 
 By the Clerk.
 
 When the plaintiffs claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if the defendant is not a minor or incompetent person.
 

 “(2)
 
 By the Court.
 
 In all other cases the party entitled to a judgment by default shall apply to the court
 
 *12
 
 therefor; but no judgment by default shall be entered (A) against a minor, or (B) against an incompetent person, unless the minor or the incompetent person is represented in the action by a general guardian or other representative as provided in Rule 17(c)[, Ala. R. Civ. P.,] who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party’s representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such three (3) days notice. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38[, Ala. R. Civ. P.].
 

 “(c) Setting Aside Default. In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.”
 

 Pursuant to Rule 55(c), the trial court had the discretion to set aside an entry of default at any time before a judgment was entered against CMS. Because the “[e]ntry of default pursuant to Rule 55(a) is not equivalent to the entry of default judgment under Rule 55(b),”
 
 McBride v. McBride,
 
 380 So.2d 886, 889 (Ala.Civ.App.1980), a trial court’s decision to set aside an entry of default is not equivalent to a decision to set aside a default judgment.
 
 See Ex parte Family Dollar Stores of Alabama, Inc.,
 
 906 So.2d 892, 896-97 (Ala.2005). In fact, because an entry of default is no more than an interlocutory order, it is not a final judgment, and relief from such an order is available under Rule 55(c) regardless of when the request is made.
 
 Ex parte Family Dollar Stores of Alabama,
 
 906 So.2d at 897. In addition, a trial court’s decision to set aside a default judgment that determines liability, but not damages, is also interlocutory in nature; it is not a final judgment and is therefore not appealable.
 
 Id.
 

 In
 
 Ex parte Family Dollar Stores,
 
 our supreme court considered whether the trial court had abused its discretion by failing to set aside what the supreme court called an interlocutory default judgment, which is a default judgment entered by the court on liability with leave to prove damages.
 
 Id.
 
 at 896-97. The court held that, until a trial court enters a judgment assessing damages, a default judgment on liability remains interlocutory and may be set aside at any time.
 
 Id.
 
 at 896. Because the interlocutory default judgment in
 
 Ex parte Family Dollar Stores
 
 was itself not a final judgment, our supreme court observed that the parties who had challenged the trial court’s denial of a motion to set aside the interlocutory default judgment could not have appealed that denial because of the underlying lack of finality of the interlocutory default judgment.
 
 Id.
 
 Based on our supreme court’s holding in
 
 Ex parte Family Dollar Stores,
 
 we conclude that an order setting aside an interlocutory entry of default is also not a final
 
 *13
 
 judgment capable of supporting an appeal.
 
 See Ex parte Family Dollar Stores,
 
 906 So.2d at 897.
 

 Accordingly, we conclude that McConi-co’s appeal could not have been taken from the order purporting to grant CMS’s purported Rule 60(b)(4) motion. CMS’s motion was, in fact, not a Rule 60(b) motion.
 
 Id.
 
 (observing that the parties who had challenged the trial court’s denial of a motion to set aside the interlocutory default judgment “had no need to resort to Rule 60(b), Ala. R. Civ. P., which is applicable only to final judgments. Rather, the proper rule under which to attempt to set aside the interlocutory default judgment was Rule 55(c)”). Instead, if anything, CMS’s motion was a Rule 55(c) motion to set aside an interlocutory entry of default, and the order purporting to grant that motion was not a final judgment that would support an appeal.
 
 See id.
 

 However, the trial court went further than simply setting aside an entry of default. At the request of CMS, the trial court dismissed the claims against CMS with prejudice, as it had dismissed the claims against unserved defendants in September 2006, on the ground that McConico had failed to prosecute the action.
 
 See
 
 Rule 41(b), Ala. R. Civ. P. Thus, the trial court’s dismissal order serves as the final judgment from which McConico appeals.
 

 McConico’s main arguments on appeal relate to the propriety of the trial court’s purporting to set aside a “default judgment” that never existed. Even treating McConico’s argument as relating to the propriety of the order purporting to set aside an entry of default is of no assistance to McConico, because that order was not a final judgment capable of supporting an appeal.
 
 See Ex parte Family Dollar Stores,
 
 906 So.2d at 897. Although we could have considered this portion of the appeal as a petition for the writ of mandamus,
 
 see Ex parte Norwood,
 
 615 So.2d 1210, 1212 (Ala.Civ.App.1992), because the trial court ultimately dismissed McConico’s claims against CMS with prejudice, therefore rendering a final judgment forever terminating the litigation, we see no need to treat this portion of the appeal as a petition for the writ of mandamus to address the interlocutory order purporting to set aside an entry of default. McConico makes no arguments on appeal relating to the trial court’s judgment of dismissal with prejudice; he does not, in fact, complain that the judgment of dismissal with prejudice was error. Because McConico raises no issues relating to the judgment dismissing his claims against CMS, McConico has waived any argument regarding the judgment of dismissal; accordingly, we affirm that judgment.
 
 Tucker v. Cullmaur-Jefferson Counties Gas Dist.,
 
 864 So.2d 317, 319 (Ala.2003).
 

 McConico further argues that the trial court erred in failing to grant his request for discovery pending appeal under Rule 27. McConico requested that he be allowed to seek discovery to “prevent the manipulation of the judicial service of the judicial system on a valid service in accordance with the law upon an agent of CMS, who knew the importance of the legal papers and who they had to be turned over to or forwarded too [sic].” Based on those statements in McConico’s motion, McConico sought discovery pending appeal to attempt to find evidence to prove that G. Johnson was, in fact, an agent of CMS during the relevant period.
 

 We first note, as we mentioned above, that this court has held that requests for discovery pending appeal under Rule 27 are reviewable by a petition for a writ of mandamus because such requests are discovery rulings by a trial court.
 
 Vesta Fire Ins. Corp.,
 
 893 So.2d at 411. McConico appealed from the trial court’s denial of his Rule 27 motion. We have elected to treat this part of McConico’s
 
 *14
 
 appeal as a petition for the writ of mandamus.
 
 Id.
 
 However, we conclude that McConico has not proven that he is entitled to the discovery he seeks.
 

 “ ‘Mandamus is the “proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.”
 
 Ex parte Mobile Fixture & Equipment Co.,
 
 680 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
 
 Ex parte Edgar,
 
 543 So.2d 682, 684 (Ala. 1989).’ ”
 

 Vesta Fire Ins. Corp.,
 
 893 So.2d at 411 (quoting
 
 Ex parte Compass Bank,
 
 686 So.2d 1135, 1137 (Ala.1996)).
 

 “[R]elief under Rule 27 is discretionary with the trial court, and a trial court’s ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion.”
 
 Ex parte Anderson,
 
 644 So.2d 961, 964 (Ala.1994). “Because a trial court loses jurisdiction of an action save for collateral matters after it has issued a final judgment, the areas of inquiry subject to postjudgment discovery are automatically quite limited.”
 
 Vesta Fire Ins. Corp.,
 
 893 So.2d at 412 (quoting
 
 Osborn v. Riley,
 
 331 So.2d 268, 272 (Ala.1976)). Discovery pending appeal is permitted only to the extent that the discovery relates to collateral matters, i.e., matters that “ ‘d[o] not raise any question going behind the [judgment] appealed from, nor [do they] raise any question decided by that judgment.’ ”
 
 Vesta Fire Ins. Corp.,
 
 893 So.2d at 412. Because the trial court dismissed the claims against CMS with prejudice due to McConico’s delay in prosecuting his case, the judgment of dismissal is an adjudication on the merits. Rule 41(b), Ala. R. Civ. P.
 
 [2]
 
 Thus, any discovery relating to McConico’s claims against CMS, including discovery relating to whether G. Johnson was an agent of CMS in July 2001, is not collateral to the judgment on the merits concluding the litigation against CMS. Because McConico has not demonstrated a clear legal right to discovery pending appeal under Rule 27, we deny the petition for the writ of mandamus.
 

 2071001 — APPLICATION OVERRULED; OPINION OF MARCH 27, 2009, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
 

 2080067 — APPLICATION OVERRULED; OPINION OF MARCH 27, 2009, WITHDRAWN; OPINION SUBSTITUTED; APPEAL — AFFIRMED; PETITION FOR WRIT OF MANDAMUS-DENIED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 55(a), Ala. R. Civ. P., was amended effective October 24, 2008. That amendment is not applicable in this case.
 

 [2]
 

 . Rule 41(b) reads:
 

 "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, [Ala. R. Civ. P.,] operates as an adjudication upon the merits.”