DONALDSON, Judge.
Kenneth S. Traywick appeals from orders of the Autauga Circuit Court (“the trial court”) that set aside an entry of default in his favor, dismissed his complaint against Michael L. Kidd, and denied his postjudgment motion to set aside the dismissal. We affirm in part, reverse in part, and remand.

Facts and Procedural History

On August 10, 2012, Traywick, an incarcerated inmate in the Alabama correctional system, submitted a complaint and summons to the Autauga circuit clerk for the purposes of filing a lawsuit against Kidd, his former attorney. Traywick also submitted a request to waive the filing fee and to proceed in forma pauperis, which was granted by the trial court. In the complaint, Traywick alleged that he had entered into a contract with Kidd on or about May 8, 2007, for legal representation regarding two felony charges then pending against Traywick in Autauga County. Traywick alleged that Kidd breached the contract by signing Traywick’s name to a waiver of a preliminary hearing and a waiver of arraignment, by failing to conduct discovery, and by failing to make proper objections to evidence introduced at trial by the state as well as other general complaints regarding the legal services Kidd provided during the course of his representation of Traywick.
The record reflects that the summons and complaint were processed by the clerk for service upon Kidd. On September 24, 2012, Traywick applied for a default judgment, pursuant to Rule 55, Ala. R. Civ. P., alleging that Kidd had been served with the summons and complaint on August 17, 2012 and that Kidd had failed to answer or appear in the case. Traywick did not submit an affidavit or any evidentiary proof of the damages he sought against Kidd. The trial court entered the following order in response on September 26, 2012: “Application for Default Judgment filed by [Tray-wick] is hereby Granted.”
On October 2, 2012, Kidd made his first appearance in the case by filing a motion to dismiss the complaint for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6), Ala. R. Civ. P. In the motion, Kidd alleged that Tray-wick’s complaint did not comport with the Alabama Legal Services Liability Act (“the ALSLA”), codified at § 6-5-570 et seq., Ala.Code 1975, because it did not state the applicable standard of care, did not identify any alleged breaches of the standard of care, and did not reference the ALSLA. Kidd also alleged in the motion that Tray-wick’s allegations had been raised previously in a postconviction proceeding initiated pursuant to Rule 82, Ala. R.Crim. P., and that Traywick’s Rule 32 petition had been dismissed without a hearing. Kidd did not raise any other grounds for dismissal of the complaint. The trial court granted Kidd’s motion to dismiss on the same day it was submitted.
Later that same day, Kidd filed a motion to set aside the “default judgment.” In this motion, Kidd claimed that his initial attempts to electronically file a motion to dismiss the complaint had been unsuccessful because he had submitted an invalid credit-card number into the electronic-filing system. He also asserted that he did not receive the trial court’s “default judgment” until October 2. The trial court granted Kidd’s motion to set aside the “default judgment” the same day it was submitted.
On October 5, 2012, Traywick filed a motion to “enter judicial relief pursuant to *1192 default judgment,” which the trial court denied as moot. On October 11, 2012, Traywick filed a motion to set aside the judgment of October 2 dismissing his complaint.[1] The trial court set the motion for a hearing, which was continued at least once. The record does not indicate that the hearing was ever held, nor does the record reflect that the trial court ruled on the motion. Traywick then filed an appeal to this court on January 28, 2013. This court transferred the appeal to our supreme court for lack of subject-matter jurisdiction. The supreme court transferred the appeal back to this court, pursuant to § 12-2-7(6), Ala.Code 1975.[2]
On February 26, 2013, this court initially dismissed the appeal as untimely filed because the notice of appeal had been filed more than 42 days after the date the trial court had entered judgment dismissing the case. Traywick applied to this court for a rehearing. Pursuant to Rule 59.1, Ala. R. Civ. P., Traywick’s October 11, 2012, post-judgment motion was denied by operation of law on January 9, 2013; therefore, Traywick had 42 days from that date to file his notice of appeal. Because the notice of appeal was filed on January 28, 2013, Traywick’s appeal was timely filed. This court, therefore, granted Traywick’s application for rehearing and reinstated the appeal on April 3, 2013.
On appeal, Traywick contends that the trial court erred by granting Kidd’s motion to dismiss and his motion to set aside the “default judgment” and by denying Tray-wick’s postjudgment motion. He further argues the trial court improperly ruled on the motions without providing him with the opportunity for a hearing on them and that the trial court erred in granting Kidd’s motion to dismiss before setting aside the “default judgment.”

Discussion

“Rule 55[, Ala. R. Civ. P.,] envisions a two-step process pursuant to which the clerk of the court first enters the party’s default and a ‘judgment by default’ is then entered, either by the clerk or the court, depending upon the nature of the claim. Pursuant to subsection (c), the court may set aside ‘an entry of default’ at any time, in its discretion, before a judgment by default is entered and may also set aside, under the time limitations specified in that subsection, the ‘judgment by default.’ ”
Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 896 (Ala.2005). At the time Kidd filed his motion to set aside the “default judgment,” the trial court had entered an order purporting to grant Traywick’s motion for a default judgment against Kidd, but the order did not assess the amount of damages for Traywick’s claims. “[U]ntil a trial court enters a judgment assessing damages, a default judgment on liability remains inter *1193 locutory and may be set aside at any time.” McConico v. Correctional Med. Servs., Inc., 41 So.3d 8, 12 (Ala.Civ.App.2009) (citing Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d at 892). This type of order is considered to be the functional equivalent of an entry of default. See, e.g., Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781 (8th Cir.1998) (construing an order granting a motion for default judgment without awarding damages as an entry of default for the purpose of analyzing the grounds to set it aside).
A trial court has broad discretion to set aside an entry of default at any time before an entry of a final judgment under Rule 55(c), Ala. R. Civ. P. The applicable standard of review for a trial court’s decision to set aside an entry of default “is whether the trial court’s decision constituted an abuse of discretion.” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988) (citing Johnson v. Moore, 514 So.2d 1343 (Ala.1987); Lightner Investigators, Inc. v. Goodwin, 447 So.2d 679 (Ala.1984); and Roberts v. Wettlin, 431 So.2d 524 (Ala.1983)). Although, in determining whether to set aside an entry of default, a trial court may analyze the same factors it must analyze in determining whether to set aside a default judgment, Rule 55 appears to contemplate that an entry of default will be set aside more readily than a default judgment. See, e.g., 10A Charles Alan Wright et al., Federal Practice and Procedure § 2692 (3d ed.1998) (discussing Fed.R.Civ.P. 55, which differs slightly from the corresponding Alabama rule, but noting that the standard for setting aside an entry of default “gives a court greater freedom in granting relief than is available in the case of default judgments”). Even with respect to default judgments, our supreme court has stated:
“[W]hen exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable.... We have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment_We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.”
Kirtland, 524 So.2d at 604-05. In Cedar Bend Ass’n v. Owens, 628 So.2d 506, 508 (Ala.1993), our supreme court affirmed a trial court’s ruling to set aside a default judgment when the trial court had considered only the moving party’s motion and had taken no additional testimony, “[b]e-cause the trial court, pursuant to Rule 55(c), Ala. R. Civ. P., has almost unbridled discretion to set aside a default judgment. ...”
In the present case, Kidd filed the motion to set aside the entry of default almost immediately after it was entered, and he appeared in the case by filing his motion to dismiss. Because the “judgment” is to be construed in the same manner as an interlocutory entry of default, the trial court could set it aside in its discretion at any time before a final judgment was entered. See McConico, 41 So.3d at 12. Such discretion is nearly unbridled. See Cedar Bend, 628 So.2d at 508. Accordingly, we affirm the trial court’s ruling to set aside the default.
We turn next to the order dismissing Traywick’s claims based on Kidd’s *1194 motion.[3] The grounds raised in Kidd’s motion sought relief pursuant to Rule 12(b)(6), Ala. R. Civ. P., as Kidd asserted that the complaint failed to state a claim upon which relief can be granted.
“ ‘ “The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
“ ‘Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).’
“DGB, LLC v. Hinds, 55 So.3d 218, 223 (Ala.2010).”
Utilities Bd. of Opp v. Shuler Bros., 138 So.3d 287, 291 (Ala.2013).
In his motion to dismiss, Kidd argued only that Traywick had failed to state a claim for which relief can be granted because the complaint does not state “the applicable standard of eare[, does not state] the breaches of that standard of care, or in any way reference the requirements of the Legal Services Liability Act.”
Kidd correctly indicated that the ALS-LA governs legal actions against legal-service providers, such as this action. § 6-5-573 (“There shall be only one form and cause of action against legal service providers in courts in the State of Alabama. ...”); Ex parte Free, 910 So.2d 753, 756 (Ala.2005); and Free v. Lasseter, 31 So.3d 85 (Ala.2009). Traywick’s claims must be recast as a legal-service-liability action under the ALSLA because they arise from Kidd’s legal representation of Traywick. See § 6-5-573; Ex parte Free, 910 So.2d 753; and Free v. Lasseter, 31 So.3d 85, 88 (recasting plaintiffs commonlaw claims as an action under the ALSLA).
The sole issue raised by Kidd in the motion to dismiss, however, was whether the complaint failed to state a claim upon which relief can be granted because it did not set forth a standard of care, did not allege the specific breaches of the standard of care, and did not refer to the ALSLA. This issue was addressed contrary to Kidd’s position in Ex parte Free, in which our supreme court stated that the plaintiff must “prove that the defendants breached the applicable standard of care (Ala.Code 1975, § 6-5-580(1)) as it relates to each cause of action. However, it is not necessary to allege a breach of the applicable standard of care to survive a motion to dismiss.” 910 So.2d at 756. A complaint requires only “ ‘(1) a short and plain statement of the claim showing that the pleader *1195 is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.’ ” Id. (quoting Rule 8(a), Ala. R. Civ. P.). Traywick’s complaint complied with Rule 8(a), Ala. R. Civ. P., and the ALSLA, specifically, Ala.Code 1975, § 6-5-572(1) and § 6-5-573. Therefore, pursuant to Ex parte Free and Free v. Lasseter, Traywick’s complaint was not subject to dismissal under Rule 12(b)(6). Though Kidd references the denial of a Rule 32, Ala. R.Crim. P., petition in his motion to dismiss, that reference is to a matter outside the pleadings and, therefore, should not properly be considered in deciding whether to grant a Rule 12(b)(6) motion. See Ex parte Scannelly, 74 So.3d 432, 438 (Ala.2011) (“ ‘[mjatters outside the pleadings should never be considered in deciding whether to grant a 12(b)(6) motion.’ Hales v. First Nat’l Bank of Mobile, 380 So.2d 797, 800 (Ala.1980).”).
In granting Kidd’s motion to dismiss, the trial court stated that it was granting Kidd’s motion to dismiss or, in the alternative, motion for a summary judgment. Under Rule 12 and Rule 56, Ala. R. Civ. P., the nonmovant must receive “(1) adequate notice that the trial court intends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition.” Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala.2002) (quoting Graveman v. Wind Drift Owners’ Ass’n, 607 So.2d 199, 202 (Ala.1992)). The trial court in this case entered the order on the same day Kidd submitted his motion. The record does not indicate that Traywick received notice that the trial court intended to treat Kidd’s motion as one for a summary judgment, and, with such a short amount of time between the filing of the motion and trial court’s entry of the order granting the motion, Traywick had no opportunity to present material in opposition. Therefore, the trial court’s order cannot be affirmed as a summary judgment.
Thus, because Kidd’s motion sought dismissal of the case only on the ground that the complaint failed to state a claim upon which relief can be granted, we must reverse the judgment dismissing the case because Kidd’s position was contrary to the principles set forth in Ex parte Free and Free v. Lasseter. On appellate review, we are limited to reviewing the propriety of the dismissal of the complaint based on the ground Kidd chose to assert. We express no opinion as to whether Traywick’s claims have merit or whether they might be subject to dismissal or summary judgment on other grounds. Accordingly, we reverse the order dismissing the case, and the cause is remanded for further proceedings consistent with this opinion. In light of the above discussion and our decision to reverse the order of dismissal, we preter-mit discussion of Traywick’s other contentions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. Traywick referenced Rule 60(b), Ala. R. Civ. P., in the title of his motion. However, the motion was filed only a few days after the entry of the trial court's judgments setting aside the “default judgment” and dismissing the complaint, and the motion sought to alter, amend, or vacate the judgment of dismissal. Thus, we will construe the motion as having been filed pursuant to Rule 59(e), Ala. R. Civ. P. See Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997) ("The substance of a motion and not its style determines what kind of motion it is.”).

. The record reveals that Traywick also filed a petition for a writ of prohibition in the Court of Criminal Appeals, requesting that that court direct the trial court to take action on his complaint. On February 11, 2013, the Court of Criminal Appeals dismissed the petition on the basis that it was unable to determine if it had jurisdiction to consider the matter.

. The order dismissing Traywick's claims was entered while Kidd was in default, i.e., before Kidd's "Motion to Set Aside Default Judgment” was granted. The "Motion to Set Aside Default Judgment” should have been addressed first; however, based on the issues raised by the briefs on appeal, we address the merits of the motion to dismiss and pretermit a discussion of the propriety of the trial court’s timing in granting that motion.