DONALDSON, Judge.
David Lamar Johnson appeals from the judgment of the Montgomery Circuit Court (“the trial court”) disposing of his claims against Jefferson S. Dunn, Gwendolyn Mosley, Carter Davenport, Derrick Carter, Willie Bryant, J. Peavey, Kevin Teal, and Randy Daniels (“the defendants”). We affirm the judgment insofar as it disposed of the claims Johnson has waived on appeal. Because Johnson was not given a reasonable opportunity to respond or to be heard before the complaint was ruled upon, we reverse the judgment insofar as it disposed of the claim Johnson did not waive on appeal.

Facts and Procedural History

Johnson is an inmate at the Easterling Correctional Facility (“the facility”). He was incarcerated in 2002. Dunn is the commissioner of the Alabama Department of Corrections (“ADOC”), and Mosley is a regional coordinator for ADOC. The rest of the defendants are employed at the facility by ADOC. Davenport and Carter are wardens; Bryant is a correctional officer, holding the rank of captain; Peavey is a correctional officer, holding the rank of lieutenant; and Teal and Daniels are correctional officers.
On August 25, 2015, Johnson filed a complaint against the defendants in the trial court, alleging, among other things, *1220 the following. Johnson brought with him a C-PAP breathing machine along with an extension power cord and a three-way-adapter when he underwent processing for incarceration. Johnson alleged that all the defendants knew he had been diagnosed by a physician with sleep apnea, which required him to use a C-PAP breathing machine while sleeping at night. On August 17, 2015, Teal and Daniels searched Johnson’s prison cell and confiscated his extension power cord and his three-way adapter. Teal and Daniels acted under orders given by Bryant, Davenport, and a Larry B. Peavey, who is a correctional officer and a shift commander at the facility. Johnson was placed in a disciplinary-segregation dormitory with restricted privileges. On August 18, 2015, Bryant informed Johnson that his items had been confiscated because Bryant had received information from several inmates who claimed that Johnson had been using the items to illegally charge the cellular telephones of other inmates. On August 19, 2015, Johnson received a citation from ADOC. At the time of the filing of the complaint in the trial court, Johnson remained in the disciplinary-segregation dormitory where he had been unable to use his C-PAP machine without the extension power cord and the three-way adapter. He informed the correctional officer responsible for his cubicle in the dormitory that he could not use his C-PAP machine, but the extension power cord and the three-way adapter were never returned. Johnson denied illegally charging other inmates’ cellular telephones. He alleged that Dunn and Davenport have not responded to his inquiries about having a disciplinary hearing and that he had exhausted his administrative remedies. He further generally alleged that Dunn and Mosley are responsible for the operation of ADOC and that Carter had participated in the “cover-up.”
Johnson sought declaratory and injunc-tive relief, requesting the return of the extension power cord and the three-way adapter, and he claimed damages arising from the deprivation of the use of his C-PAP machine pursuant to 42 U.S.C. § 1983. Regarding his § 1983 claim, he alleged that the defendants’ actions showed deliberate indifference to a substantial risk of serious harm, constituting a violation of his rights under the Eighth Amendment to the United States Constitution. He also alleged claims of intentional infliction of emotional distress, a violation of his due-process rights, and a violation of the Equal Protection Clause of the United States Constitution. He stated the claims against the defendants in their individual and official capacities, and he alleged liability under the theory of respondeat superi- or against all the defendants except for Teal and Daniels.
After Johnson submitted an in forma pauperis declaration, the trial court entered an order waiving the prepayment of the filing fee for his complaint. On September 1, 2015, and again on September 10, 2015, Johnson filed motions for a temporary restraining order or a preliminary injunction, seeking the return of the extension power cord and the three-way adapter. He alleged in these motions that he had complained to medical staff at the facility that he was being deprived of the use of the C-PAP machine but, he alleged, they responded by saying that he had to request from ADOC the return of the extension power cord and the three-way adapter.
On September 18, 2015, the trial court entered an order setting a hearing for September 30, 2015, presumably in response to Johnson’s motions for injunctive relief. There is no indication in the record as to whether the trial court conducted a hearing on that date. On September 22, *1221 2015, Johnson filed a motion for leave to file an amended complaint to dismiss J. Peavey as a defendant and to add Larry B. Peavey as the correct party. He asserted that, although he had named J. Peavey as a defendant, the allegations in the complaint refer only to Larry B. Peavey. There is no ruling from the trial court on the motion to amend the complaint. Johnson does not claim on appeal that the lack of such a ruling affects the issue being reviewed.
On September 29, 2015, the day before the scheduled hearing, the defendants filed a motion to dismiss the complaint or, in the alternative, for a summary judgment. In the motion, the defendants asserted that Johnson’s claim that he could not use his C-PAP machine was not true; that sovereign immunity pursuant to Art. I, § 14, Ala. Const.1901, barred Johnson’s claims against them in their official capacities; and that state-agent immunity barred Johnson’s state-law claims against them in their individual capacities. In the motion, the defendants observed that state-agent immunity is distinct from qualified immunity under federal law. The defendants argued that they were entitled “to have all claims against them either dismissed based on failure to state a claim or, alternatively, stricken upon summary judgment.”
The defendants asserted that, in their individual capacities, they were immune from liability based on state-agent immunity unless they acted “willfully, maliciously, fraudulently, in bad faith, beyond [their] authority, or under a mistaken interpretation of law.” In support of their motion, the defendants submitted affidavits from Davenport, Carter, Bryant, Teal, Daniels, and Larry Peavey. Davenport testified that he did not order a search of Johnson’s cell. Bryant testified that he had received complaints from inmates that Johnson had been using a power cord to charge the illegal cellular telephones of other inmates in exchange for payments. Larry Peavey testified to ordering Teal and Daniels to conduct a search of Johnson’s cell and his possessions. Teal and Daniels testified to conducting the search and confiscating an extension power cord and a three-way adapter. Bryant testified that he informed Johnson of the complaints of the other inmates and that Johnson was disciplined for having contraband. Bryant further testified that the wall plug Johnson had used had been replaced for overuse and that he had instructed Johnson to use a new wall plug.
Carter testified that Johnson’s C-PAP machine had not been taken and that Johnson had not been deprived of the ability to use the machine. There is testimony in all the affidavits indicating that Johnson did not have permission to possess the extension power cord and the three-way adapter. Davenport testified that “the items described by inmate Johnson as an extension cord are pieces of electrical wiring and an electrical junction box taped together” and that “[a]ny inmate that requires the use of any approved medical appliance inside the dormitory that requires electricity is assigned to a bed that is in close proximity to the electrical outlet in order to use the electrical cord supplied by the manufacturer of the appliance.” Larry Peavey, Teal, and Daniels further testified that Johnson’s assigned bed was close enough to a wall outlet that an extension cord was not needed.
On October 2, 2015, three days after the defendants filed the motion, the trial court entered an order stating: “THIS CAUSE' comes before the Court on Defendants’ Motion to Dismiss, or in the alternative, Motion for Summary Judgment. The Court having considered the same finds the motion is due to be granted. Therefore, it is hereby ORDERED, AD *1222 JUDGED and DECIDED that this cause be DISMISSED.” (Capitalization in original.)
On October 9, 2015, after the trial court had already entered its order disposing of his claims, Johnson filed a response to the defendants’ motion, submitting an affidavit from himself and statements from a number of other inmates. The information submitted by Johnson contradicted much of the testimony submitted by the defendants in support of their motion. Johnson argued that the defendants had failed to meet the burden of demonstrating that there is no genuine issue of material fact, which, if met, would entitle them to a summary judgment; that the defendants were not entitled to state-agent immunity or sovereign immunity; and that dismissal for failure to state a claim was not warranted.
On October 15, 2015, Johnson filed an appeal to this court. This court transferred the appeal to the supreme court for lack of subject-matter jurisdiction. The supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala. Code 1975. Johnson filed a brief with this court; however, none of the defendants have filed a brief.

Discussion

In its judgment, the trial court granted the defendants’ motion to dismiss or, in the alternative, for a summary judgment without stating the basis for its judgment. One of the grounds for dismissal asserted in the motion was that Johnson “fail[ed] to state a claim.” Rule 12(b), Ala. R. Civ. P., provides, in part:
“If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
(Emphasis added.) There is no indication that the matters outside the pleadings presented by the defendants in support of their motion were excluded.
Among his arguments on appeal, Johnson asserts that the judgment was entered before he had an adequate opportunity to respond to the defendants’ motion as one for a summary judgment. “Under Rule 12 and Rule 56, Ala. R. Civ. P., the nonmovant must receive ‘(1) adequate notice that the trial court intends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition.’” Traywick v. Kidd, 142 So.3d 1189, 1195 (Ala. Civ.App.2013) (quoting Phillips v. Am-South Bank, 833 So.2d 29, 31 (Ala.2002), quoting in turn Graveman v. Wind Drift Owners’ Ass’n, 607 So.2d 199, 202 (Ala. 1992)). The defendants’ motion was filed only one day before the date for a scheduled hearing on September 30, 2015. It is not clear in the record whether the hearing was held. Nonetheless, the hearing was scheduled to address only Johnson’s motions seeking a temporary restraining order or a preliminary injunction. Furthermore, the judgment disposing of the case was entered only three days after the defendants filed their motion. See Rule 56(c)(2), Ala. R. Civ. P. (requiring a motion for a summary judgment and all materials in support of the motion to be submitted at least 10 days before a hearing). It is apparent that, to the extent the defendants’ motion to dismiss for failure to state a claim or, in the alternative, for a summary judgment was granted, Johnson did not have a reasonable opportunity to present materials in opposition to the defendants’ motion. See Singleton v. Alabama *1223 Dep’t of Corr., 819 So.2d 596, 600 (Ala.2001)(reversing a judgment entered 10 days after the filing of a motion to dismiss that had been converted into a motion for a summary judgment). Therefore, the judgment cannot be affirmed as a summary judgment or as a dismissal for failure to state a claim.
We now turn to whether the judgment should be affirmed as a dismissal of Johnson’s claims for the other reasons asserted by the defendants—namely, that Johnson’s claims are barred by sovereign immunity and/or state-agent immunity. We note that there is an entry in the case-action summary that states that this case was dismissed without prejudice. Although “an action dismissed without prejudice will not support an appeal because there is no judgment ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties,’ ” “a judgment dismissing an action on the basis of a lack of subject-matter jurisdiction would support an appeal because the issue before the court, i.e., the court’s power to entertain the action, had been conclusively determined.” Double B Country Store, LLC v. Alabama Dep’t of Tramp., 171 So.3d 28, 30-31 n. 1 (Ala.Civ.App.2015) (quoting Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995)). “The issue of [state] immunity is jurisdictional. ‘This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action.’ ” Ex parte Alabama Dep’t of Mental Health & Mental Retardation, 837 So.2d 808, 810 (Ala. 2002) (quoting Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001)). Unlike a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, a trial court may consider evidentiary matters submitted on a motion to dismiss attacking jurisdiction. Hutchinson v. Miller, 962 So.2d 884, 886 n. 2 (Ala.Civ.App.2007). Therefore, the judgment disposing of Johnson’s claims can be reviewed as a Rule 12(b)(1) dismissal based on the trial court’s lack of jurisdiction. We review such a judgment in this matter de novo, without a presumption of correctness. Hill v. Hill, 89 So.3d 116, 118 (Ala.Civ.App.2010).
We note that, again, Johnson claims his complaint was dismissed before he had an opportunity to be heard. “Under the plain language of [Rule 78, Ala. R. Civ. P.,] and the comments to the rule, a trial court may not grant a motion to dismiss without a hearing, although, in some circumstances, it may deny such a motion.” Burgoon v. Alabama State Dep’t of Human Res., 835 So.2d 131, 133 (Ala. 2002). “In the event the court has any inclination toward the granting of the motion to dismiss, a hearing will continue to be required.” Committee Comments on 1973 Adoption of Rule 78, Ala. R. Civ. P.
Although Johnson’s complaint appears to allege a number of different claims, the only claim for which he presents arguments on appeal is his deliberate-indifference claim brought pursuant to 42 U.S.C. § 1983. Accordingly, to the extent that Johnson alleged other claims in his complaint, those claims are waived. See Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”). Furthermore, Johnson fails to present arguments supported by legal authority regarding his claims for injunctive and declaratory relief. As a result, those claims are also waived. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10)[, Ala. RApp. P.,] requires that arguments in briefs contain discussions of facts and rel *1224 evant legal authorities that support the party’s position. If they do not, the arguments are waived.”); and Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“This court will address only those issues properly presented and for which supporting authority has been cited.”).
The deliberate-indifference claim asserted by Johnson arises under a federal law, 42 U.S.C. § 1983.[1] See Bedsole v. Clark, 33 So.3d 9, 12-13 (Ala.Civ. App.2009) (“A claim alleging deliberate indifference to an inmate’s serious medical needs in violation of the inmate’s constitutional rights is a federal action, brought pursuant to 42 U.S.C. § 1983.”). The defendants asserted sovereign immunity and state-agent immunity pursuant to Art. I, § 14, Alabama Const.1901. However, “§ 14 immunity and State-agent immunity have no applicability to federal-law claims.” King v. Correctional Med. Servs., Inc,, 919 So.2d 1186, 1191 (Ala.Civ.App. 2005). Consequently, the type of immunity asserted by the defendants does not appear to bar Johnson’s claim of deliberate indifference pursuant to § 1983 seeking money damages. Therefore, based on the record before us, the complaint was not barred by the immunity raised by the defendants.
Accordingly, we reverse the judgment as to Johnson’s claim of deliberate indifference pursuant to § 1983 seeking money damages, but we affirm the judgment insofar as it disposes of Johnson’s other claims, which he has waived on appeal. Our opinion is not intended to speak to the merits of Johnson’s remaining claim, only the procedure by which the complaint was disposed. We remand the cause for proceedings consistent with this opinion.
Johnson’s “motion to compel,” requesting that this court enter a judgment in his favor is denied as moot.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. 42 U.S.C. § 1983 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.”