PER CURIAM.
*83 Antonio Nichols, an inmate at William E. Donaldson Correctional Facility ("the prison"), appeals from a judgment of the Montgomery Circuit Court ("the trial court") dismissing his complaint for declaratory and injunctive relief. In his complaint, Nichols alleged that George Adams, individually and in his official capacity as the chaplain at the prison, and Leon Bolling, individually and as warden of the prison, have denied him the right to exercise his religious faith in violation of the 1st Amendment to the United States Constitution and of his right to equal protection in violation of the 14th Amendment to the United States Constitution.
The record indicates that Nichols filed the complaint in this action on March 1, 2017. In the complaint, Nichols asserted that on July 15, 2016, he and other prisoners at the prison made a request of Jefferson Dunn, the commissioner of the Alabama Department of Corrections ("DOC"), and of the DOC regional senior chaplain, whose name is not included in the complaint, to establish a community to practice their religious faith of Metu Neter ("the community"). The complaint alleges that on July 28, 2016, Adams informed Nichols and other prisoners that their request to establish the community had been approved.
In his appellate brief, Nichols states that the community has been allowed to hold services two days a week but that Adams and Bolling have placed restrictions on the community's ability to exercise their faith that, he says, are not placed on other religious communities within the prison. He alleged in his complaint that Adams and Bolling have continued to refuse to approve ceremonial ground space for membership initiation, the planting of trees of life, the use of oils and incense, the ordering of religious literature and media, and the observance of certain rituals and special holy days.
On April 4, 2017, Adams and Bolling filed an answer and generally denied the assertions made in the complaint. Litigation proceeded, with Nichols propounding discovery requests on Adams and Bolling. In September, Nichols filed a motion to compel discovery. On October 12, 2017, the trial court denied the motion to compel. That same day, the trial court, ex mero motu, entered a judgment stating:
"After reviewing the documents filed by [Nichols], it appears to the Court that the ... complaint states no cognizable cause of action over which this Court has or could have jurisdiction. Therefore, it is hereby ordered that this action be dismissed, with prejudice, as this matter is frivolous and vexatious."
Nichols filed a timely notice of appeal to the Alabama Court of Criminal Appeals, which transferred the appeal to the Alabama Supreme Court. In turn, our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1976.
In their responsive brief, Adams and Bolling acknowledge that the judgment dismissing the complaint is due to be reversed, and this court commends the attorneys involved with this appeal for their candor. Adams and Bolling point out that in Johnson v. Dunn, 216 So.3d 1217 (Ala. Civ. App. 2016), this court reversed a judgment dismissing a prisoner's pro se complaint without first allowing that prisoner an opportunity to be heard. The trial court appears to have dismissed Nichols's complaint pursuant to the Alabama Prisoner Litigation Reform Act, § 14-15-1 et seq., Ala. Code 1975 ("the Act"). Pursuant to the Act, a trial court, "on its own motion or on the motion of a party, may dismiss any prisoner pro se civil action if the court is satisfied that the action is," among other *84 things not relevant to this appeal, "[f]rivolous," "[f]ails to state a cause of action," or "[f]ails to state a claim upon which relief can be granted." § 14-15-4(d)(1)a., c., and e., Ala. Code 1975. In Johnson, DOC employees argued that a trial court is authorized to dismiss a pro se prisoner's complaint without a hearing pursuant to § 14-15-4(d)(1)e., which permits a dismissal if the trial "court is satisfied that the action ... [f]ails to state a claim upon which relief can be granted." This court disagreed, writing:
"[Section] 14-15-4(f)(2), Ala. Code 1975, provides: 'After providing the parties an opportunity to file supporting and opposing memoranda, a court may rule on exceptions and motions without holding a hearing.' As noted in our opinion on original submission, the trial court failed to provide Johnson with an opportunity to file materials in opposition to the defendants' motion to dismiss or to hold a hearing before entering its judgment. As a result, the trial court's actions did not comport with § 14-15-4(f)(2), even if the Act was applicable."
Johnson, 216 So.3d at 1226.
We reiterate that, in this case the trial court dismissed this action on its own motion. In doing so, the trial court purported to have reviewed the documents that Nichols had filed. However, the record indicates that no exhibits or documents, other than discovery requests and a motion to compel, had been filed in this action at the time the trial court dismissed it. In his appellate brief, Nichols asserts that he had not yet been given the opportunity to file affidavits he is apparently collecting to support his contention that the community is being denied religious rights provided to other religious communities within the prison.
Furthermore, in their appellate brief, Adams and Bolling state that the activities the community seeks to have approved "most likely conflict with DOC regulations." (Emphasis added.) That statement leaves open the possibility that at least some of the relief that Nichols seeks in the complaint may not, in fact, be prohibited by DOC regulations. Further litigation is required to determine the validity of Nichols's claims.
Because there has been no assertion that he has failed to state a cause of action, Nichols has not yet been required to offer any legal or factual bases to defend his complaint. Moreover, the trial court has not offered Nichols an opportunity to be heard regarding any aspect of this action. Thus, if the Act applies in this case, an issue that has not been presented to this court on appeal, we fail to see how, at this stage of the litigation, the trial court can be satisfied that Nichols's complaint is frivolous, that he has failed to state a cause of action, or a claim upon which relief can be granted, as required for a dismissal pursuant to § 14-15-4(d)(1)a., c., and e. Thus, on the authority of Johnson, supra, we conclude that the trial court erred in dismissing Nichols's action.
The judgment of the trial court is reversed, and the cause is remanded for further proceedings. In his reply brief, Nichols asks this court not to remand the action to the trial court but, instead, to declare his rights. The relief Nichols requests is not within this court's purview. See § 12-3-10, Ala. Code 1975. Furthermore, Nichols's "motion to assert authority" is denied as moot.
REVERSED AND REMANDED.
All the judges concur.